NORTHWESTERN WHEEL & FOUNDRY COMPANY, Respondent,
vs. MILWAUKEE ELECTRIC STREET RAILWAY COMPANY,
Appellant.

*November 30— December 15, 1896.*

*Sale of chattels: Title: Implied promise.*

1. The receiver of a street railway company ordered car wheels of
   plaintiff. Through mistake, more wheels were sent than were or-
   dered. The receiver refused to accept them and notified the
   plaintiff to that effect. Plaintiff thereupon directed him to unload
   the wheels and "hold subject to our order," and requested him to
   keep the wheels until he wanted to use them, and then settle for
   them. The receiver made no reply, but unloaded and stored the
   wheels. *Held*, that no title to the wheels passed to the receiver.
2. The use of the wheels by a purchaser at a receiver's sale of all
   the property of a street railway company, into whose custody they
   passed with knowledge of the facts, raised an implied promise on
   its part to pay for them.

APPEAL from a judgment of the superior court of Milwau-
kee county: R. N. AUSTIN, Judge. *Affirmed.*

One G. J. Melms, receiver of the Milwaukee Electric Rail-
way Company, February 1, 1893, ordered car wheels from
the plaintiff. By some misunderstanding, more wheels were
sent than the receiver had ordered. He immediately noti-
fied the plaintiff, by letter: "The car load of wheels now
here are subject to your order, and I cannot accept same."
The plaintiff replied by letter: "We wire you to-day to un-
load the wheels, and hold subject to our order. . . . If
you cannot use these, please keep them, and you need not
settle for them until you put them into service. We have
no other customers that use six feet two inch axles. Can't
you keep them until you want to use them?" The receiver
did not respond to this letter, but kept the wheels. The
property of the Milwaukee Electric Railway Company,
which was in the hands of the receiver, was afterwards sold

by the receiver by order of the circuit court, and became vested in the defendant. The wheels in question passed to the custody of the defendant, with knowledge on the part of its directors of the condition and purpose for which they were held by the receiver. The defendant used the wheels. This action is brought to recover their price. The plaintiff had judgment for the price. From this judgment the defendant appeals.

For the appellant there was a brief by *Miller, Noyes, Miller & Wahl,* and oral argument by *Geo. H. Noyes.*

For the respondent there was a brief by *Hoyt, Ogden & Olwell,* and oral argument by *L. M. Ogden.*

NEWMAN, J.    Whose property were the wheels to be until such time as they should be used by the receiver? The direction was, "*Hold subject to our order.*" It would seem that the parties intended that the receiver should have an option, merely, to buy the wheels when needed or put to use; and that, until he exercised that option, they were to be subject to plaintiff's order and its property. He did not elect to buy the wheels. It does not appear that he sold them to the defendant, or assumed any power over them. They were stored in the car barn, and the custody of them seems to have passed to the defendant with the possession of the barn. The defendant knew the condition on which the receiver held them. The using of them under its cars raised an implied promise on its part to pay for them.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.